2025 IL App (1st) 232444-U

Fourth Division
Filed August 7, 2025

No. 1-23-2444

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | |
|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER AND *EX OFFICIO* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Order of Sale Against Real Estate Rendered Delinquent for the Non-Payment of General Taxes for the Year 2017 and Prior Years <br><br> (Newline Holdings, LLC, Petitioner-Appellant, <br><br>    v. <br><br> Maria Pappas, as Cook County Treasurer and *ex officio* Cook County Collector, Appellee). | Appeal from the Circuit Court of Cook County <br><br> No. 2021 COTD 001467 <br><br> The Honorable Kathleen Burke, Judge, presiding. |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appeal was dismissed as moot where, by operation of law, the tax purchaser relinquished its rights under the certificate of payment by returning the certificate to the county clerk and accepting the clerk's tender of the redemption payment and a refund of an unposted tax payment.

¶ 2     Newline Holdings, LLC (Newline), was the assignee of a tax certificate for the 2017 delinquent taxes on a parcel of real property located at the corner of 71st Street and Jeffrey Avenue in Chicago. Newline filed a petition for a tax deed and, in furtherance of the petition, paid the delinquent 2019 second installment taxes on the property. Although Newline submitted documentation of the payment to be posted on the official record maintained by the county clerk

(the judgement book), notice of that payment was not actually posted. So, when an agent of the property owner exercised the right of redemption, the second 2019 tax payment was not included in the redemption amount. After the circuit court denied Newline's bid to set aside the redemption, Newline relinquished its certificate and accepted the clerk's tender of the redemption money (which included interest) and the refund of the unposted payment (which did not). The court subsequently declined Newline's request that it order the county to compensate it for the statutory interest Newline would have received had the payment been properly posted.

¶ 3        On appeal, Newline renews its argument that the county should be required to pay statutory interest on the unposted payment. We find, however, that Newline's return of the certificate and acceptance of the money tendered by the clerk renders its claimed entitlement to interest moot. Accordingly, we dismiss the appeal.

¶ 4                                    I. BACKGROUND

¶ 5        On May 6, 2019, Newline's predecessor-in-interest purchased the 2017 delinquent taxes of the subject property and was issued a certificate of purchase. After being assigned the certificate of purchase, Newline petitioned for a tax deed to the property. The redemption date was set as January 10, 2022.

¶ 6        Newline paid numerous additional tax bills on the property after they became delinquent while the petition was pending. It paid both the first and second tax installments for 2018, as well as the first installment for 2019. Newline posted a payment notice with the county clerk for each of the three payments, and the clerk stamped each notice with the date of receipt. The first and second installments of 2018 and the first installment of 2019 were thus posted to the 2017 Tax Judgment, Sale, Redemption, and Forfeiture Record (judgment book) and added to the redemption amount that the property owner was required to pay, which came to $154,105.81.

¶ 7        On March 12, 2021, Newline paid the second installment of the 2019 taxes in the amount of $135,863.28. The record does not include a posting notice of the 2019 second installment that was

file stamped as received by the county clerk, and the payment was not recorded in the clerk's judgment book.

¶ 8   On January 7, 2022, Alisa Starks, an agent for the property owner, made a timely redemption payment to the Cook County Clerk. The payment was based on the amount listed in the judgment book, so it did not include Newline's second installment payment of $135,863.28 posting or interest accrued thereon.

¶ 9   On August 4, 2022, Newline filed a motion to set aside the January 7 redemption, noting that Starks's redemption payment had not included the $135,863.28 plus interest from the second 2019 installment payment. The motion asserted that, when Newline made that payment, it followed the procedures adopted by the clerk in 2020 to facilitate the posting of tax payments on the clerk's judgment book and that the clerk did not reject the posting. It asked the court to set aside the redemption and direct the clerk to issue a shortage letter to Starks.

¶ 10   On March 15, 2023, the circuit court denied Newline's motion after a hearing. The court's written order indicates that the motion was "denied for the reasons stated in open court." The record does not contain a transcript of the hearing.

¶ 11   On April 11, 2023, the circuit court ordered the county clerk's office to issue a "deletion letter" to the county treasurer in the amount of Newline's $135,863.28 second 2019 installment payment. It further ordered the treasurer to "refund" Newline that same amount. The record indicates that, at some point before September 2023, Newline received that refund from the county.

¶ 12   On May 2, 2023, the circuit court ordered the county clerk's office to refund Newline the remaining $154.092.81 upon turnover of the certificate of purchase. It appears that, at some point before taking this appeal, Newline turned over the certificate of purchase and received the $154,092.81 refund.

¶ 13   On June 29, 2023, Newline filed a "Motion to Determine Reimbursement." The motion argued that Newline was entitled to interest on the unposted second 2019 installment payment from the date of the payment through the date of redemption, which it calculated as an additional $16,303.59.

¶ 14    At a hearing on the motion to determine reimbursement, Newline conceded that Starks had properly redeemed the property and was not obligated to pay the interest it was seeking. Instead, Newline proposed that the county should be responsible for paying interest on the unposted amount, suggesting that the county could draw on either its "general fund" or its "sale in error fund" to do so.

¶ 15    On November 22, 2023, the circuit court denied Newline's motion. This appeal follows.

¶ 16                                    II. ANALYSIS

¶ 17    Newline argues that it was entitled to interest on the refund of the unposted second 2019 installment payment. It contends, in essence, that it followed the clerk's rules when it submitted the posting for that payment, that the failure to actually make the posting was the fault of the clerk, and that it was entitled to be made whole by being paid the interest it would have received at redemption but for the clerk's mistake. The only authority Newline cites for its entitlement to interest are the provisions of the Property Tax Code (35 ILCS 200/1-1 to 32-20 (West 2022)).

¶ 18    We agree with the county that Newline's acceptance of the redemption payment and surrender of the certificate of purchase makes this appeal moot. "An issue is moot where an actual controversy no longer exists between the parties or where events have occurred that make it impossible for the court to grant effective relief." *Prospect Heights Fire Protection District v. Department of Employment Security*, 2021 IL App (1st) 182525, ¶ 23. Section 21-390 of the Property Tax Code provides, pertinently:

> "The receipt of the redemption money on any property by any purchaser
> or assignee, on account of any forfeiture or withdrawal, or the return of
> the certificate of purchase, withdrawal or forfeiture for cancellation,
> shall operate as a release of the claim to the property under, or by virtue
> of, the purchase, withdrawal or forfeiture." 35 ILCS 200/21-390 (West
> 2022).

A unique question of statutory interpretation is presented by the circumstances of this case, specifically the impact of a tax purchaser's acceptance of a statutorily mandated tender of redemption money on the jurisdiction of this court. We review questions of statutory interpretation *de novo*. *In re County Treasurer*, 378 Ill. App. 3d 842, 850 (2007).

¶ 19    According to section 22-80(b) of the Property Tax Code, to receive the final order vacating the issuing of the tax deed, the party redeeming a property that has been sold to recover delinquent taxes must first pay the redemption money to the tax purchaser. 35 ILCS 200/22-80(b) (West 2022). The provision clearly allows the tax purchaser to refuse the payment because it makes no mention of whether they must accept it. Nonetheless, section 21-390 provides that the tax buyer's claim to the property is released upon receiving the redemption money. 35 ILCS 200/21-390 (West 2022). Therefore, a tax redeemer making a payment and a tax purchaser receiving a redemption payment are distinguished by the Property Tax Code. Therefore, the Property Tax Code separates the effects of tendering redemption money from the effects of receiving redemption money. Under this framework, then, to obtain a final order, the tax redeemer is required to tender the redemption payment. After the redemption money is received, the tax buyer releases its claim on the property. 35 ILCS 200/21-390, 22-80(b) (West 2022).

¶ 20    Here, on May 2, 2023, the circuit court mandated that, upon Newline turning over the certificate of purchase, the county was to reimburse Newline $154.092.81. After receiving the redemption funds, Newline was released from its claim to the subject property by operation of law. 35 ILCS 200/21-390 (West 2022). There was no longer any controversy between the parties at that time. Therefore, we lack jurisdiction since Newline's appeal claim is moot as there is no controversy between the parties. *In re Application of County Treasurer & ex officio County Collector of Lake County*, 351 Ill. App. 3d 244, 248 (2004) (holding that tax buyer's acceptance of redemption money releases the buyer's claim by operation of law, rendering moot appeal of trial court's order vacating buyer's tax deed). As Newline holds no interest of any kind with respect to the property because it returned its certificate of purchase to the county and accepted both the

redemption money and the refund of the unposted payment, Newline's request for interest is now moot.

¶ 21 Newline maintains that a controversy lingers because it was never fully compensated. Specifically, it contends that the refund of the unposted payment did not include interest to which it should have been entitled under the Property Tax Code but for the clerk's alleged error in processing the posting. This argument overlooks that it was Newline's own actions that mooted the controversy: it relinquished its rights under the certificate by tendering it to the clerk and accepting payment. If Newline wished to reserve its asserted right to interest on the refunded payment, then it could have declined the clerk's tender and asked for the funds to be posted with the court pending appeal. *Id.* at 249. Or it could have moved to stay enforcement of the court's order requiring the clerk to refund the money but excluding interest. *Id.* Instead, Newline relinquished the certificate, accepted the tender, and thus, by operation of law, released its claim, rendering this appeal moot. *Id.*

¶ 22 Our jurisdiction extends only to live controversies, not moot ones. *Id.* at 248 (citing *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 376 (2004)). As this appeal is now moot, we must dismiss it for want of jurisdiction. *Id.* at 248, 251.

¶ 23                             III.  CONCLUSION

¶ 24 There being no live controversy before the court on appeal, we dismiss for want of jurisdiction.

¶ 25 Appeal dismissed.